ALTENBERND, Judge,
Specially concurring.
I concur in our affirmance of the judgments and sentences in this case for the offenses of disorderly conduct and battery on a person over the age of sixty-five. I write primarily to suggest that, after the issuance of our mandate, this case may warrant consideration of a motion filed before the trial court under Florida Rule of Criminal Procedure 3.800(c).
Paul Carew is forty-three years old. In 2007, he was living with a woman in the retirement community of Floral Lakes. One afternoon in May, he went to the community swimming pool while intoxicated and became verbally abusive. A resident called the member of the community association’s board of directors who was in charge of the swimming pool. When the board member arrived, he and Mr. Carew had an argument. Mr. Carew shoved him. According to his own testimony at trial, the board member did not fall down and was not bruised or hurt in any visible manner. The board member was over seventy-five years old.
Because the person Mr. Carew shoved was over sixty-five, this minor battery was a third-degree felony instead of a misdemeanor. See § 784.08(2)(c), Fla. Stat. (2006). At sentencing, Mr. Carew’s score-sheet contained thirty-three points, which made the lowest permissible sentence a non-state prison sanction. His limited pri- or record primarily concerned matters that had occurred when he was much younger. Mr. Carew apologized and presented several witnesses on his behalf. The victim attended sentencing with a petition signed by 125 members of the Floral Lakes community. The trial judge imposed the max *380 imum sentence of five years’ imprisonment for the offense of battery on a person over the age of sixty-five.
It is always difficult to gauge a sentencing hearing from a transcript, but the citizens of Florida are now committed to spending more than $200,000 to confine Mr. Carew in a Florida state prison until 2013. It would seem that there ought to be a more cost-effective way to fashion an appropriate sanction for this offense. Obviously, Mr. Carew needs anger management training and perhaps alcohol abuse treatment that could be required as conditions of probation. A five-year term of probation, including a short period of incarceration in the county jail and a provision barring Mr. Carew from this mobile home complex, would seem to be a better sanction. I simply doubt that five years in a state prison will make him a less angry, more sober, contributing member of society.